IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONNA REAGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-1929-N |
| | § | |
| HUNT COUNTY TEXAS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

This Order addresses Defendant Hunt County, Texas' ("Hunt County") motion for summary judgment [20] and motion for leave to supplement their summary judgment evidence [24]. For the reasons that follow, the Court grants both motions.[1]

### I. ORIGINS OF THE REAGAN - HUNT COUNTY DISPUTE

Plaintiff Donna Reagan worked for Hunt County as a detention officer in the Hunt County Jail. For a time, she was the corporal/officer in charge and field training officer for the property room. On November 9, 2009, Defendant reassigned her to the floor of the jail. Reagan subsequently filed a claim with the Equal Employment Opportunity Commission ("EEOC") alleging that her reassignment was a demotion, that Hunt County denied her the compensatory time and law enforcement straight time ("LEST") she accrued as a corporal, and that Hunt County discriminated against her because of her age (57 years old) and sex. Afterwards, Reagan filed suit in the District Court for the 196th Judicial District of Hunt

---

[1]The Court denies the Defendant's motion to dismiss [10] as moot.

ORDER – PAGE 1

County, Texas, alleging negligent supervision, training, and retention, and sex and age discrimination under Title VII, 42 U.S.C. § 2000e, *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.001, *et seq.*[2]  Hunt County then removed the action to this Court and filed the instant motions.[3]

## II. THE COURT GRANTS HUNT COUNTY'S MOTION FOR LEAVE TO SUPPLEMENT ITS SUMMARY JUDGMENT EVIDENCE

Because Reagan did not respond to Hunt County's motion to supplement, the Court considers it unopposed and therefore grants the motion. The Court orders that the Supplemental Affidavit of Sandy Orange [24-1] is deemed filed.

## III. THE COURT GRANTS HUNT COUNTY'S MOTION FOR SUMMARY JUDGMENT

### *A. Summary Judgment Standard*

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Courts, however, need not sift through the record in search of triable issues. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

---

[2]The Court notes that Title VII does not protect against age discrimination. Thus, the Court understands Reagan's complaint as alleging age discrimination only under the TCHRA.

[3]Reagan also named Sheriff Randy Meeks as a defendant in her original petition, but the Court granted Meeks' motion to dismiss in full [25].

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, courts resolve factual controversies in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### *B. Reagan's Title VII and TCHRA Claims Based on Failure to Promote/Denial of Employment Opportunity are Barred for Failure to Exhaust Administrative Remedies*

Title VII and the TCHRA[4] require employees to exhaust administrative remedies prior to seeking judicial relief. *See, e.g.*, *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (Title VII); *City of Hous. v. Fletcher*, 63 S.W.3d 920, 921-22 (Tex. App. – Hous. [14th Dist.] 2002, no pet.) (TCHRA). A court should construe a plaintiff's complaint broadly, but only in terms of the scope of the "investigation that can reasonably be expected

---

[4]"The purpose of the TCHRA is to provide for the execution of the policies of Title VII . . . . Thus, analogous federal statutes and the cases interpreting them guide the reading of this statute." *Pineda v. UPS, Inc.*, 360 F.3d 483, 487 (5th Cir. 2004).

ORDER – PAGE 3

to grow out of the charge of discrimination." *McClain*, 519 F.3d at 273 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)) (Title VII); *see Sanders v. Anadarko Petroleum Corp.*, 108 F. App'x 139, 148 (5th Cir. 2004) (unpub.) (TCHRA).  In other words, "[t]he scope of [the plaintiff's] administrative claim[] governs the scope of the [litigation] claim[]."[5] *McClain*, 519 F.3d at 273 (citing *Vuyanich v. Republic Nat'l Bank*, 723 F.2d 1195, 1201 (5th Cir. 1984) and *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)).

In her EEOC charge,[6] Reagan complains of her November 9, 2009 "demotion" to the jailhouse floor and her denial of "pay for . . . compensatory time and [LEST] . . . accrued as a corporal."  App. to Mot. 101 [20-4].  Nowhere does she allege that Hunt County has denied her promotions and/or employment opportunities.  And, such claims cannot have been expected to arise out of her EEOC complaint.  *See, e.g.*, *Wooten v. Fed. Express Corp.*, 2007 WL 63609, at *7 (N.D. Tex. 2007) (Fitzwater, J.) (citing authorities and holding that plaintiff's failure to promote claim could not reasonably have been expected to grow out of

---

[5]Though there is disagreement among Fifth Circuit panels on whether the failure to exhaust requirements implicate a federal court's subject matter jurisdiction under Rule 12(b)(1) or failure to state a claim under Rule 12(b)(6), *see Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006), the Court finds it unnecessary to resolve that question, as the result is the same.

[6]The Court applies Reagan's EEOC charge to her TCHRA claim because "it is well-established that, pursuant to a worksharing agreement between the [Texas Commission on Human Rights] and the EEOC, each entity serves as a limited agent of the other for purposes of receiving and processing complaints and charges. *Westbrook v. Water Valley Indep. Sch. Dist.*, 2006 WL 1194527, at *3 (Tex. App. – Austin 2006, pet. denied) (citing inter alia *Vielma v. Eureka Co.*, 218 F.3d 458, 463-64 (5th Cir. 2000)).

plaintiff's EEOC complaint for discriminatory discharge); *Moss v. MBNA Tech., Inc.*, 2004 WL 583565, at *1 (N.D. Tex. 2004) (Godbey, J.) (dismissing claims of discriminatory demotions, retaliation, and denial of promotions, among others, for failure to exhaust administrative remedies where plaintiff alleged only failure to promote to two positions, failure to make reasonable accommodations, and harassment). Thus, to the extent Reagan premises her Title VII and TCHRA claims on failure to promote/denial of employment opportunity, the Court grants summary judgment for Hunt County on those claims.

### *C. Reagan Has Not Made a Prima Facie Compensation Discrimination Case*

To allege a prima facie case of compensation discrimination under Title VII and the TCHRA,[7] a plaintiff must prove (1) that she is a member of a protected class, and (2) that her employer paid her less than a nonmember for work requiring substantially the same responsibility. *Uviedo v. Steves Sash & Door Co.*, 738 F.2d 1425, 1431 (5th Cir. 1984). Once shown, the employer must show a legitimate nondiscriminatory reason for the pay disparity. *Taylor v. UPS, Inc.*, 554 F.3d 510, 522 (5th Cir. 2008) (citing *Ross v. Univ. of Tex. at San Antonio*, 139 F.3d 521, 525 (5th Cir. 1998)). If the employer provides such a reason,

---

[7]Because Reagan nowhere refers to the Equal Payment Act, 29 U.S.C. § 206, but cites to Title VII extensively in her petition, the Court construes her compensation discrimination claim as arising under Title VII. However, even if Reagan is raising an Equal Payment Act claim, the Court would still grant summary judgment for Hunt County based on her failure to make a prima facie case. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974) (holding that to establish a violation of the Equal Pay Act, a plaintiff must show that the defendant "pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions").

the burden shifts back to the plaintiff to establish that the employer's articulated reason is pretextual. *Id.*

Here, Reagan alleges that Hunt County denied her pay for compensatory time and LEST accrued as a corporal. In support, she posits that Hunt County compensated male Officers Daniel Uzialko, J.R. Estrada, and Rufus Nash for their compensatory time and LEST, but did not pay her. App. to Mot. 79 [20-3], 114 [20-4]. However, Hunt County's payroll records reflect that Hunt County also did not pay these officers their compensatory time and LEST. App. to Mot. 30 [20-2]. Thus, Reagan has failed to make a prima facie case and the Court grants summary judgment for Hunt County on Reagan's Title VII and TCHRA claims based on wage discrimination.

### *D. Reagan Has Otherwise Failed to Make Prima Facie Title VII and TCHRA Claims*

To establish a prima facie case of discrimination under Title VII and the TCHRA, an employee must demonstrate that (1) she is a member of a protected class, (2) she was qualified for the position at issue, (3) she was the subject of an adverse employment action, and (4) she was treated less favorably because of her membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (citing *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005)). Once an employee has made a prima facie case, the burden shifts to the employer to offer an alternative nondiscriminatory explanation for the adverse employment action. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Once the employer has

done so, the burden shifts back to the employee to demonstrate that the employer's articulated reasoning is merely a pretext for discrimination. *Id.* (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255-56 (1981)).

Here, Reagan alleges that male Officer Steven King (54 years old), male Officer J.R. Estrada (30 years old), and two unnamed younger female officers were similarly situated employees that Hunt County treated more favorably than her. *See* Resp. to Mot. 13-14 [22]; App. to Resp. to Mot. 12 [23]. Reagan contends that the two unnamed female officers were interim appointees to the corporal position after Hunt County removed Reagan from that assignment, and Officer King is the officer that ultimately replaced Reagan as corporal.[8] However, Reagan points to no evidence and has made no allegation, other than a conclusory statement in her brief,[9] that these officers were similarly situated to her, much less under nearly identical circumstances.[10] Accordingly, Reagan has failed to make a prima facie case

---

[8] Hunt County offered evidence that Officer Kimberly Fannin (42 years of age) replaced Reagan as field training officer and that Officer King replaced Reagan as corporal/officer in charge. The evidence also showed that Officer Estrada (30 years of age) later replaced Fannin as field training officer. App. to Mot. 6-7 [20-2].

[9] "King was not female, and was nearly identically situated, otherwise, like Plaintiff." Resp. to Mot. 13.

[10] Even if Reagan were to have made a prima facie case of discrimination, the Court would still grant summary judgment for Hunt County because Reagan has failed to demonstrate that Hunt County's articulated legitimate nondiscriminatory reasons for reassigning her are pretexts for discrimination. Hunt County has presented ample evidence that it reassigned Reagan because of numerous complaints against her. *See, e.g.*, App. to Mot. 5-6 (Lee Greninger, Jail Administrator, stating: "Prior to November 9, 2009, I had received complaints from Sergeant James Brock about Reagan's rude and abrupt conduct towards her fellow officers and the general public visiting the Jail, including bail bond personnel. I was aware Sergeant Brock was having difficulty staffing the property room

of discrimination under Title VII and the TCHRA, and the Court grants summary judgment for Hunt County on those claims.

### E. Hunt County is Immune From Suit for Reagan's Tort Claims

Governmental immunity deprives a trial court of subject matter jurisdiction for lawsuits against a governmental unit unless it consents to suit. *See Forgan v. Howard Cnty., Tex.*, 494 F.3d 518, 520 (5th Cir. 2008); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). The State of Texas, and therefore its political subdivisions, has waived its immunity in certain cases via the Texas Tort Claims Act. *See Forgan*, 494 F.3d at 520. Thus, the Texas Tort Claims Act is the only way to bring state law tort claims against governmental entities in Texas. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). To come within the Texas Tort Claims Act's waiver of governmental immunity, a plaintiff must allege (1) that the use or misuse of tangible personal property (2) proximately caused personal injury or death. *Tex. Tech Univ. Health Scis. Ctr. v. Ward*, 280 S.W.3d 345, 349 (Tex. App. – Amarillo 2008, pet. denied) (citing *Dall. Cnty. Mental Health & Mental*

---

because officers did not want to work with Reagan. I was aware Reagan had picked on female detention officers Kimberly Fannin and Kimberly Torres and made them cry. I was aware Reagan had placed some wet inmate clothes into property totes which resulted in the clothes becoming mildewed and molded and damaged and causing the Sheriff's Office to pay for new clothes. On or about November 9, 2009, I received a complaint from John Suits, Bargain Bail Bonds, about Reagan's rudeness. . . . [I]t was the third one we received that day on Reagan. . . . Reagan was being removed from the property room and reassigned to floor [sic] of the Jail because of her poor interpersonal skills-i.e. rudeness in dealings with her fellow officers and the general public . . . ."); *id.* at 13 (Officer James Brock stating similar); *id.* at 19 (Chief Jailer David McGee stating similar); *id.* at 25 (Chief Jailer Daniel Looney stating similar). Importantly, nowhere does Reagan dispute these allegations. Thus, Reagan has failed to demonstrate that Hunt County's articulated reasons for reassigning her were pretexts for discrimination.

*Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998)). Where a tort allegation stems from negligent judgment or human error, the pleadings fail to arise under the Texas Tort Claims Act immunity waiver. *Lamar Univ. v. Doe*, 971 S.W.2d, 191, 197 (Tex. App. – Beaumont 1998, no pet.) (collecting cases).

Reagan claims that Hunt County was negligent in its supervision, training, or retention because it "did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether employees, officers, or agents were unfit, incompetent, or a danger to third parties," should have known that "Sheriff Randy Meeks, Chief McGee, Chief Looney, and Sergeant Brock [were] unfit," and should have foreseen that "Sheriff Randy Meeks, Chief McGee, Chief Looney, and Sergeant Brock would come in contact with Plaintiff, creating a risk of danger to Plaintiff." Pet. ¶ 19 [1-5]. However, nowhere does Reagan allege, much less offer evidence, that these claims arise out of the use of tangible or personal property. Accordingly, the doctrine of governmental immunity bars these claims, and the Court grants summary judgment for Hunt County on these claims. *See, e.g.*, *Hernandez v. City of Lubbock*, 253 S.W.3d 750, 761 (Tex. App. – Amarillo 2007, no pet.); *Campos v. Nueces Cnty.*, 162 S.W.3d 778, 787-88 (Tex. App. – Corpus Christi 2005, pet. denied); *Univ. of Tex. Health Scis. Ctr. v. Schroeder*, 190 S.W.3d 102, 107 (Tex. App. – Hous. [1st Dist.] 2005, no pet.); *Dall. Area Rapid Transit v. Edwards*, 171 S.W.3d 584, 578-88 (Tex. App. – Dall. 2005, pet. denied); *Gainesville Mem'l Hosp. v. Tomlinson*, 48 S.W.3d 511, 514 (Tex. App. – Fort Worth 2001, pet. denied).

## CONCLUSION

The Court grants summary judgment for Hunt County on all claims.

Signed June 11, 2012.

                                                    David C. Godbey
                                           United States District Judge